## Frank Clemmons v. The State.

No. 2860.   Decided December 17, 1913.

Robbery—Aggravated and Simple Assault—Charge of Court.

Where, upon trial of robbery, the evidence raised the issue and that alone as to whether defendant committed the robbery, there was no error in the court's failure to charge on aggravated and simple assault.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of robbery, and his punishment assessed at five years confinement in the State penitentiary.

No objection was made to the introduction of testimony on the trial of the case, and the record is brought before us on the sole exception that the court failed to submit the issues of simple and aggravated assault.

The record discloses beyond doubt that an assault was made by appellant on Mr. Jones, and Mr. Jones says that he took a diamond ring from off his person, of the value of at least three hundred dollars. Appellant denies taking this ring, and testifies to facts which would perhaps justify him in making the assault. The court in his charge instructed the jury that if appellant did not take the ring they would acquit appellant. Under the evidence in this case, when the court instructed the jury that if appellant did not take the ring from off the person of Mr. Jones to acquit him, it was a charge presenting the case as made by the testimony in behalf of appellant in as favorable light as he had a right to expect. If he took the ring under the circumstances detailed by Mr. Jones and the witnesses for the State, it was robbery, and when the court instructed the jury that if he did not take the ring, as he and his witnesses testify, to acquit, it was all he had a right to

ask. While, perhaps, it is true that, under the evidence, if he did not take the ring, he might have been convicted of an assault, yet when the court made the criterion of his conviction, the fact of whether or not he took the ring as testified to by the State's witnesses, this would not be error of which he would be heard to complain. In plain terms the jury was instructed if he did not take the ring from the person of Mr. Jones with the intent and purpose to appropriate it to his own use to acquit him, or if they had a reasonable doubt of such being the case to acquit. The case was presented in a way appellant will not be heard to complain.

The judgment is affirmed.                                   *Affirmed.*